UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                      )
                                            )
TD MANUFACTURING, LLC                       )
EIN: 47-1730944                             )          Case No. 17-14243-MER
                                            )          Chapter 11
Debtor.                                     )

## MOTION TO AUTHORIZE SALE OF CERTAIN ASSETS
## TO BLACK MOUNTAIN MANUFACTERING, LLC

The Debtor and Debtor in Possession, TD Manufacturing, LLC ("Debtor"), by and through its attorneys, Buechler & Garber, LLC., for its Motion to Authorize Sale of Certain Assets to Black Mountain Manufacturing, LLC ('BMM"), respectfully states as follows:

*Background*

1.       The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on May 9, 2017 (the "Petition Date"). The Debtor remains a Debtor-in-Possession.

2.       The Debtor is a metal fabrication and powder coating business operating in the Greeley area.

3.       On August 14, 2017, the Debtor filed is Motion to Appoint and Compensate Dickensheet & Associates, Inc. ("Dickensheet") as Auctioneer to the Debtor and Authorizing Sale by Auction of Property of the Estate (the 'Auction Motion"). The Auction Motion sought to appoint Dickensheet to auction certain machinery and equipment the Debtor is not utilizing (the "Unnecessary Equipment"). On September 7, 2017, the Court entered its Order approving the Auction Motion. The Unnecessary Equipment is identified on the list attached as Exhibit A to the Auction Motion.

4.       Since the filing of the Auction Motion, the Debtor has received an offer from BMM to purchase three pieces of the Unnecessary Equipment. The proposed Asset Purchase Agreement (the "APA") is attached hereto as Exhibit 1. The pertinent terms of the APA are:

> a.  BMM shall pay $2,300 plus the fees and costs incurred in drafting the APA, a Motion to Approve this Agreement, and the cost of filing with the Bankruptcy Court, serving, and prosecuting the Motion to Approve the Agreement (the "Purchase Price").

b. The Purchase Price is for the purchase of the following equipment (the "Equipment"): (i) 8 Drawer Tool Cabinet for $200; (ii) 10 Drawer Tool Cabinet for $300; and (iii) 2000 PCC Olofsson PTH2015 Five Axis CNC Lathe $1,800.

c. A closing shall occur 3 business days after a final nonappealable order is entered approving the APA.

5. The Equipment is encumbered by the following secured claims:

a. Colorado Lending Source; and

b. TBK Bank.

6. Section 363(b) of the Bankruptcy Code provides authority for a trustee and, through the application of Bankruptcy Code section 1107(a), a debtor-in-possession, "after notice and a hearing, [to] use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).   Further, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

7. The Bankruptcy Court's power to authorize a sale under section 363(b) is to be exercised at the Court's discretion. In re WPRV-TV, Inc., 983 F.2d 336, 340 (1st Cir. 1993); New Haven Radio, Inc. v. Meister (In re Martin-Trigona), 760 F.2d 1334, 1346 (2d Cir. 1985); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1069 (2d Cir. 1983).

8. Courts have authorized a sale of a debtor's assets pursuant to section 363(b) of the Bankruptcy Code or in the absence of a reorganization plan where there is a "sound business purpose." In re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991); Titusville Country Club v. Penn Bank (In re Titusville Country Club), 128 B.R. 396 (Bankr. W.D.Pa. 1991); In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc., 77 B.R. 15 (Bankr. E.D.Pa. 1987). See also, Stephens Indus., Inc. v. McClune, 789 F.2d 386 (6th Cir. 1986); In re Lionel Corp., 722 F.2d at 1071 (setting forth the "sound business purpose" test in the context of a sale of assets under section 363(b) of the Bankruptcy Code).

9. It is in the best interests of the Debtor, its estate and its creditors to sell the Equipment as soon as possible as it will reduce the secured claims and the costs and expenses associated with the Equipment.

10.     Courts have also required that the sale price be fair and reasonable and that the sale be the result of good-faith negotiations with the buyer. In re Abbotts Dairies of Pa., 788 F.2d 143, 147-50 (3rd Cir. 1986); In re Tempo Technology Corp., 202 B.R. 363, 367 (D. Del. 1996), aff'd sub nom. Diamond Abrasives Corp. v. Temtechco, Inc. (In re Temtechco, Inc.), 141 F.3d 1155 (3d Cir. 1998); In re Industrial Valley, 77 B.R. at 22; In re Stroud Ford, Inc., 163 B.R. 730 (Bankr. M.D. Pa. 1983);  See also In re Ewell, 958 F.2d 276 (9th Cir. 1992) (declining to set aside or modify a sale pursuant to section 363 of the Bankruptcy Code because the price was fair and reasonable and the buyer was a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code).

11.     While the Bankruptcy Code does not define "good faith," courts have held that for purposes of section 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value" and that lack of good faith is shown by fraud, collusion, or an attempt to take grossly unfair advantage of other bidders. In re Abbots Diaries of PA., 788 F.2d at 147; In re Tempo Technology Corp., 202 B.R. at 367.

12.     BMM is an entity unrelated to the Debtor.   The Purchase Price has been determined based upon the appraised value of the Equipment.  The appraisal was performed by Holt and Associates, appraisers and auctioneers.  Thus, the sale price is fair and reasonable.  In addition, BMM is paying for the legal fees associated with this sale.

13.     The Debtor requests authorization to sell the Equipment free and clear of liens, claims and encumbrances and other interests.  Section 363(f) of the Bankruptcy Code authorizes a debtor in possession to sell property under section 363(b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

> (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

14.     The Debtor believes it can obtain the consent of any valid lien holders.

15.     To the extent it cannot, all lienholders could be compelled to accept a money satisfaction of their interests, thereby satisfying § 363(f)(5) of the Bankruptcy Code. See, e.g., In re James, 203 B.R. 449, 453 (Bankr. W.D.Mo. 1997); In re Grand Slam U.S.A., Inc., 178 B.R. 460, 463-64 (E.D. Mich. 1995); WPRY-TV, Inc., 143 B.R. at 321. Courts considering this issue have held that the "cramdown" provision under the Bankruptcy Code constitutes such a "legal or equitable proceeding" and permits a sale free and clear pursuant to section 363(f)(5). See, e.g., Grand Slam U.S.A., Inc., 178 B.R. at 464; Scherer v. Federal National Mortgage Association (In re Terrace Chalet Apartments), 159 B.R. 821, 829 (N.D. Ill. 1993); In re Healthco Int'l, Inc., 174 B.R. 174, 176-77 (Bankr. D.Mass. 1994).

## *Payment of Secured Claims and Closing Costs*

16.     The sale proceeds will be used to satisfy all sale and closing cost, including all legal fees, and then liens, claims and encumbrances upon the Equipment in the order of their priority to the extent proceeds exist.

## *Conclusion*

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed form is filed herewith, (a) authoring the Debtor to sell the Equipment to BMM is accordance with APA; free and clear of liens, claims and encumbrances; (c) authorizing all closing costs to be paid from proceeds of the sale, including the legal fees for preparing and prosecuting this Motion; (d) pay liens, claims and encumbrances upon the Equipment in the order of their priority to the extent proceeds exist and (e) and for such further and additional relief as to the Court may deem just and proper.

Dated: September 11, 2017                              Respectfully submitted,

                                                       By: /s/ Aaron A. Garber
                                                          Aaron A. Garber #36099
                                                          **BUECHLER & GARBER, LLC**
                                                          999 18th Street, Suite 1230S
                                                          Denver, CO 80202
                                                          Telephone: (720) 381-0045
                                                          Telecopy: (720) 381-0382
                                                          Email: aaron@bandglawoffice.com

**EXHIBIT A**

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("Agreement") is effective as of the ___ day of September, 2017, by and between TD Manufactering, LLC, a Colorado limited liability company ("Seller") whose address is 21662 CR 52 Greeley Colorado 80631 and Black Mountain Manufacturing, LLC, a Colorado limited liability company ("Buyer"), whose address is 1130 7th Avenue, Greeley, CO 60631.

## RECITALS

WHEREAS, Buyer desires to purchase from Seller, and Seller desires to sell to Buyer, on the terms and subject to the conditions of this Agreement, those certain assets of Seller, as defined below, collectively the "Property," in exchange for the Purchase Price, as defined below.

WHEREAS Seller has filed is proceeding in a Chapter 11 bankruptcy case filed in the United States Bankruptcy Court for the District of Colorado, Case No. 17-14243, and any sale of the Property is subject to Bankruptcy Court approval.

NOW, THEREFORE, in consideration of the mutual covenants, agreements, representations and warranties contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows.

## The Property

1. Property. Subject to the terms and conditions set forth in this Agreement, Seller agrees to sell, convey, transfer, assign and deliver to Buyer and Buyer agrees to purchase from Seller, the Property (a list of which is attached hereto, and by this reference incorporated herein, as **Exhibit A**).

## PURCHASE PRICE

2. Purchase Price. On the terms and subject to the conditions set forth in this Agreement, as full payment for the transfer of the Property from Seller to Buyer, Buyer shall pay Seller the amount of $2,300 PLUS the fees and costs incurred in drafting this Agreement, drafting a Motion to Approve this Agreement, and the cost of filing with the Bankruptcy Court, serving, and prosecuting the Motion to Approve the Agreement (the "Purchase Price").

3. Payment of Purchase Price. The Buyer shall pay the Purchase Price to Seller at the Closing, as described below.

## TERMS OF SALE

4.  Condition of Property. The Property is being sold without any representation or warranty regarding its condition or value, including, but not limited to, representation of merchantability and/or fitness for any particular purpose, except as otherwise provided herein.

5.  Warranty of Title: The Seller represents and warrants that it has good and marketable title to the Property, or shall have good and marketable title to the Property at Closing, and shall convey, sell, assign and transfer the Property to Buyer free and clear of any and all liens and encumbrances of any third parties.

6.  Bankruptcy Court Approval: The term and conditions of this Agreement are subject to Bankruptcy Court approval. The Seller shall seek Bankruptcy Court approval of the sale of the Property free and clear of all liens, claims and encumbrance pursuant to Bankruptcy Code § 363.

## GENERAL CONTRACT TERMS

7.  Seller represents and warrants as follows:

    a.  Organization and Authority. Seller is duly organized, existing and in good standing. The execution and delivery of this Agreement and the consummation of this transaction thereby have been duly authorized, and no further corporate authorization is necessary on the part of Seller.

    b.  No Conflict or Violation. The execution, delivery, and performance by Seller of this Agreement will not violate or conflict with any provisions of the Articles of Incorporation or other organizational documents of Seller, and will not violate any provision of law, or any order, judgment, or decree of any Court or other governmental agency applicable to Seller, or violate or result in a material breach of, or constitute (with notice or lapse of time or both) a material default under any loan agreement, mortgage, security agreement, indenture or other instrument to which Seller is a party or by which it is bound.

    c.  Consents and Approvals. No consent, approval, or authorization of, or declaration, filing, or registration with, any governmental authority except for the Bankruptcy Court is required to be made or obtained by Seller in connection with the execution, delivery, and performance of this Agreement and the consummation of the transactions contemplated thereby.

    d.  Litigation. There are no actions, causes of action, claims, suits, proceedings, orders, writs, injunctions, or decrees pending or, to Seller's best knowledge, threatened against Seller at law or in equity that seek to restrain or enjoin the consummation of the transactions contemplated by this Agreement or that could

otherwise materially and adversely affect the ability of Seller to perform its obligations under this Agreement, except for the Bankruptcy Case.

8.   Buyer represents and warrants as follows:

   a.   Organization and Authority. Buyer is duly organized, existing and in good standing. The execution and delivery of this agreement and the consummation of this transaction thereby have been duly authorized, and no further corporate authorization is necessary on the part of Buyer.

   b.   No Conflict or Violation. The execution, delivery, and performance by Buyer of this Agreement will not violate or conflict with any provisions of the Articles of Organization, Operating Agreement or other organizational documents of Buyer, and will not violate any provision of law, or any order, judgment, or decree of any Court or other governmental agency applicable to Buyer, or violate or result in a material breach of, or constitute (with notice or lapse of time or both) a material default under any loan agreement, mortgage, security agreement, indenture or other instrument to which Buyer is a party or by which it is bound.

   c.   Consents and Approvals. No consent, approval, or authorization of, or declaration, filing, or registration with, any governmental authority is required to be made or obtained by Buyer in connection with the execution, delivery, and performance of this Agreement and the consummation of the transactions contemplated thereby, except such as will not have a material adverse effect on Buyer's ability to consummate the transactions contemplated by this Agreement.

   d.   Litigation. There are no actions, causes of action, claims, suits, proceedings, orders, writs, injunctions, or decrees pending or, to Buyer's best knowledge, threatened against Buyer at law or in equity that seek to restrain or enjoin the consummation of the transactions contemplated by this Agreement or that could otherwise materially and adversely affect the ability of Buyer to perform its obligations under this Agreement.

9.   Notices. Any notices sent hereunder shall be in writing and shall be delivered to the following individuals:

   a.   SELLER:
        Luke Yockim
        TD Manufactering, LLC,
        21662 CR 52
        Greeley Colorado 80631
        Luke.yockim@t-dmanufacturing.com

b.      with a copy to:

        Aaron Garber
        Buechler & Garber, LLC
        999 18th Street, Suite 1230S
        Denver, CO 80202
        aaron@bandglawoffice.com

c.      BUYER:

        Jonathan Friedl
        Black Mountain Manufacturing, LLC
        1130 7th Avenue
        Greeley, CO 60631
        blackmountainmfg@gmail.com

d.      with a copy to:

## THE CLOSING

10.     Closing Date.  The Closing shall occur 3 business days after a final nonappealable order is entered approving this Agreement; to occur at Buechler & Garber, LLC, 999 18th Street, Suite 1230S, Denver, CO 80202 or such other location as agreed to by the parties.

11.     Closing Activity.  At the Closing, all of the transactions provided for in this Agreement shall be consummated on a substantially concurrent basis, except to the extent such transactions specifically contemplate a later consummation date.

12.     Closing Deliveries.  At the Closing, the Parties shall deliver the following:

a.      Seller's Deliveries at Closing.  At the Closing, Seller shall deliver (or cause to be delivered) to Buyer the following:

    i.      the duly executed Seller's Bill of Sale to convey the Property in a form reasonably satisfactory to Buyer; and

    ii.     the duly executed Seller's Assignments or other instruments necessary to convey Property to the extent not otherwise conveyed by Bill of Sale.

b.      Buyer's Deliveries at Closing.  At Closing, Buyer shall deliver (or cause to be delivered) to Seller the following:

    i.      The Purchase Price in certified funds;

    ii.     any such other documents as may be reasonably required to close this

transaction.

## MISCELLANEOUS

13.   Further Assurances:  Each Party to this Agreement hereby agrees to execute and deliver such other or additional documents as may be reasonably requested by another Party to fully effectuate the terms of this Agreement.

14.   Amendment:  This Agreement may not be altered, amended, or modified in any respect, except in writing duly executed by the parties.

15.   Binding Effect of Agreement:  This Agreement shall inure to the benefit of, and be binding upon, the respective agents, predecessors, successors, and assigns of the parties.

16.   Governing Law:  This Agreement shall be governed by and construed in accordance with the law and rules applicable in the State of Colorado, without regard to its choice of law rules.

17.   Forum Selection:  Any action relating to, based upon, or arising from a breach of this Settlement Agreement shall be brought only in the United Stated Bankruptcy Court for the District of Colorado, which shall retain jurisdiction over the subject matter and parties for this purpose.

18.   Prevailing Party Attorney's Fees.  In the event any action is filed by any party to enforce this Agreement, the prevailing party shall be entitled to recover their reasonable attorney's fees and costs against the other party.

19.   Authority:  The undersigned represent and warrant that they have full power and authority to enter into this Agreement and to bind the parties for which they have executed this Agreement.

20.   Review:  The parties hereby affirm and acknowledge that they have read and reviewed this Agreement, and that they fully understand and appreciate the meaning of each of its terms and actions referred to herein.

21.   Construction:  This Agreement shall not be construed more strictly against one Party as compared to another, as the Parties consider that each has contributed materially and substantially to its preparation.

22.   Facsimile/Email Signatures:  This Agreement may be executed in counterparts with the same force and effect as though all signatures appeared on one original document. Facsimile and email signatures are binding and enforceable as if they were originals.

23.   Specific Enforcement:  In addition to all other available remedies, this Agreement shall be specifically enforceable by any party, and in the event of the failure of any party or

parties to comply with the terms of this Agreement, equitable and/or legal relief may be sought by the party to the defaulting or breaching party.

24.   Costs: Each party to this Agreement shall bear his, her and/or its own attorney's fees and costs in the above-captioned matters.

25.   Paragraph Headings. The Section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

26.   Effect of Closing. None of the representations and warranties of the parties contained in this Agreement, or in any instrument, certificate or other writing provided for in it, shall survive the Closing.

27.   Entire Agreement. This Agreement, together with the schedules, exhibits and other documents to be delivered pursuant hereto, constitutes the entire agreement among the parties hereto and there are no agreements, representations or warranties which are not set forth herein. All prior negotiations, agreements and understandings are superseded hereby.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives on the day and year first above written.

**SELLER**                                         **BUYER**

By: TD Manufacturing              By: Black Mountain Manufactoring

Its: 9-7-17                                    Its: 9-7-17

## EXHIBIT A

### Description of the Property

| | |
|---|---|
| 8 Drawer Tool Cabinet | $200 |
| 10 Drawer Tool Cabinet | $300 |
| 2000 PCC Olofsson PTH2015 Five Axis CNC Lathe (2 ea. Axis are not fully functional) | $1,800 |